William H. Cousins and Rebecca Cousins v. Commissioner. Cousins Laces, Inc. v. Commissioner.
William H. Cousins v. Commissioner
Docket Nos. 40391, 40392.
United States Tax Court
1953 Tax Ct. Memo LEXIS 198; 12 T.C.M. (CCH) 720; T.C.M. (RIA) 53224; June 25, 1953
*198 Santi J. Paul, Esq., 1711 Industrial Trust Building, Providence, R. I., and Alfred E. Motta, Esq., for the petitioners. Lester H. Salter, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency of $5,341.50 in the income tax of William H. and Rebecca Cousins for the year 1948. The only issue for decision is whether the amount of $10,000 paid to William by Cousins Laces, Inc., was a dividend or the repayment of a loan. The Commissioner has determined a deficiency of $9,164.72 in the income tax of Cousins Laces, Inc., for the fiscal year ending October 31, 1948. The issues for decision are (1) whether the opening inventory of Cousins Laces, Inc., should be valued at $15,988.37, or at zero, the basis in the hands of William Cousins, the transferor to Cousins Laces, and (2) what was a reasonable compensation for Rebecca Cousins. The Commissioner, by amended answer, has claimed an increased deficiency on the ground that his allowance of an additional deduction for Rhode Island State Tax was in error. Cousins Laces concedes that it is not entitled to this additional deduction. Findings of Fact William *199 H. Cousins and his wife, Rebecca, filed a joint individual cash basis income tax return for the calendar year 1948 with the collector of internal revenue for the District of Rhode Island. Cousins Laces, Inc., a Rhode Island corporation, hereafter called the corporation, filed its corporation income tax return for the fiscal year ended October 31, 1948, with the collector of internal revenue for the District of Rhode Island. It kept its books and filed its tax returns on an accrual basis, including the use of inventories. William operated a lace manufacturing business as a sole proprietorship under the name of Cousins Lace Works prior to November 1, 1947. He had been in that business since 1939. He organized the corporation on or about November 1, 1947, and transferred certain assets of Cousins Lace Works to it in return for 100 shares of capital stock which was all of the issued and outstanding stock at all times material hereto. The assets transferred for stock did not include $5,000 in cash and $5,100 in accounts receivable which William loaned to the corporation at the time of its incorporation. The corporation repaid $10,000 of the loan on January 16, 1948. The Commissioner, *200 in determining the deficiency, erroneously included the $10,000 in the income of the individual petitioners as a taxable dividend. Among the assets which William transferred to the corporation in exchange for its stock, an exchange from which no gain or loss was recognized under section 112 (b) (5), was an inventory of goods. The cost of those goods was deducted as an expense on the 1947 joint return of William and Rebecca, since the sole proprietorship used a cash receipts and disbursements method of accounting and reporting income and did not use inventories in that method. The corporation entered that inventory on its books at $15,988.37 and used that amount as an opening inventory for its taxable year ended October 31, 1948. The Commissioner, in determining the deficiency against the corporation hold "that the inventory of merchandise * * * deducted in the amount of $15,988.37 as a part of the cost of goods sold reported in your return * * * should be taken into account in accordance with the provisions of section 113 (a) (8) of the Internal Revenue Code in the amount of zero, the basis thereof in the hands of your transferor, Mr. William H. Cousins." The *201 property had a basis of zero in the hands of the corporation. The corporation paid to Rebecca, its president, a salary of $12,400 for its year ended October 31, 1948. That was a reasonable allowance for salary or other compensation for the personal services actually rendered by her to the corporation during that year. The Commissioner, in determining the deficiency against the corporation, erroneously disallowed $6,200 of the deduction claimed for salary paid to Rebecca and allowed only $6,200 of the amount claimed. All facts stipulated are incorporated herein by this reference. Opinion MURDOCK, Judge: The only issue in the case of the individual petitioners is whether $10,000 received by William from the corporation was the repayment of a loan, as he contends, or was a dividend distribution, as the Commissioner has held in determining the deficiency. The Commissioner relies on a number of book entries and disclosures on returns. However, a fair preponderance of the evidence shows that those entries were made in error due to a misunderstanding and the returns were the result of the erroneous entries. William intended to transfer to the corporation inventory, building, machinery *202 and equipment, and land in exchange for its stock and intended to transfer cash of $5,000 and an account receivable of $5,100 as a loan. An accountant, newly employed to open a set of books, misunderstood and included the latter two items with the rest as contributions to capital. William, personally unfamiliar with such matters, was unaware of the errors when he should have observed them. Nevertheless, a subscription statement prepared at the time shows the true situation and corroborates the testimony of William and his attorney who helped him to organize the corporation. Ten thousand dollars was repaid after about two and one-half months when the corporation no longer needed it in its operations. The repayment was not a taxable dividend. The corporation contends that its opening inventory for its first taxable year should be $15,988.37, the amount set up on its books, instead of zero, as determined by the Commissioner. The inventory was property acquired from William in an exchange which, under section 112 (b) (5) resulted in no recognizable gain or loss to William. Section 113 (a) (8) provides that the transferee, in such a case, takes the transferred property with the same basis *203 for gain or loss as it had in the hands of the transferor. The property in the opening inventory of the corporation had a zero basis for gain or loss in the hands of William who had deducted its entire cost in computing his 1947 income. Therefore, the corporation had to use a zero basis for the property in its opening inventory in order not to violate the provisions of section 113 (a) (8) and in order to reflect accurately its taxable income from its use of the property. The use of a zero basis is not to correct any past error, as suggested by the petitioner, or to change the inventory method. It is merely a proper start for a new taxpayer. Frank G. Wikstrom & Sons, Inc., 20 T.C. -, (May 15, 1953); P. A. Birren & Son v. Commissioner, 116 Fed. 718. This holding does not affect the closing inventory in any way except as the same goods might appear in it, a situation not shown by the record. The final issue is - what was reasonable compensation for the personal services rendered by Rebecca to the corporation during its taxable year. The evidence shows that she was an able, experienced employee who devoted long hours to the work and affairs of the corporation and fully earned *204 the salary of $12,400 paid to her. The Commissioner erred in reducing the deduction to $6,200. Decisions will be entered under Rule 50.